Moyer, C.J.
I
{¶ 1} This case began with the detonation of an explosive device during a Cleveland Indians baseball game; the explosion injured four persons. Appellees Donald Krieger and Clifton Oliver were arrested at the stadium and were taken into police custody, along with a third person with whom they had attended the game, on suspicion of their involvement in the explosion.[1] While in custody, appellees suffered from poor conditions in the jail and harsh treatment by the jailers.
{¶ 2} Although a grand jury indicted appellees on several counts of aggravated arson and felonious assault, these charges were later dismissed by the Cuyahoga County Prosecuting Attorney. Appellees’ arrests and detention adversely impacted their jobs and mental and physical health.
{¶ 3} Appellees successfully sued the city of Cleveland, appellant, for malicious prosecution, false arrest and imprisonment, and intentional infliction of emotional distress. The jury awarded each plaintiff $400,000 in compensatory damages and $600,000 in punitive damages. The trial court vacated the punitive-damages award as impermissible against the city. The trial court overruled the city’s motion, which cited the damage caps in R.C. 2744.05(C)(1), to reduce the compensatory-damages award to $250,000 for each plaintiff. The court of appeals affirmed the award of compensatory damages, holding that R.C. 2744.05(C)(1) is unconstitutional because it violates a plaintiffs right to a jury trial and the Equal Protection Clause of the United States Constitution. Krieger v. Cleveland Indians Baseball Co., 176 Ohio App.3d 410, 2008-Ohio-2183, 892 N.E.2d 461, ¶ 69.[2] *280 For the reasons that follow, we reverse the judgment of the court of appeals and hold that R.C. 2744.05(C)(1) does not violate the constitutional right to a jury trial or the constitutional guarantees of equal protection.
II
{¶ 4} R.C. 2744.05(C)(1) places a $250,000 limit on noneconomic compensatory damages (those damages that do not represent “actual loss” to an injured party) awarded against political subdivisions. The city of Cleveland argues that the limits should apply to reduce appellees’ damage award because appellant is a political subdivision. The court of appeals did not analyze R.C. 2744.05(C)(1) but followed a previous decision of its court, Gladon v. Greater Cleveland Regional Transit Auth. (Mar. 10, 1994), Cuyahoga App. No. 64029, 1994 WL 78468,[3] in holding R.C. 2744.05(C)(1) to be unconstitutional. Krieger, 176 Ohio App.3d 410, 2008-Ohio-2183, 892 N.E.2d 461, at ¶ 68.
{¶ 5} The court of appeals did not consider the opinion of this court in Arbino v. Johnson & Johnson, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420. In Arbino, we reviewed a statute similar to R.C. 2744.05(C)(1) but in a different chapter of the Revised Code, R.C. 2315.18. Id. at ¶ 4. Although the statute at issue differs from the statute in Arbino in that R.C. 2744.05 applies to damage awards against political subdivisions, not private litigants, the purpose and effect of the statute in Arbino and the statute in this case are the same — to limit compensatory-damage awards for noneconomic harm.[4]
*281 {¶ 6} R.C. 2315.18(B) contains an exception to the limits on noneconomic damages for those persons who suffer “catastrophic injuries,” see id. at ¶ 47, but R.C. 2744.05(C) does not. We find this difference between the statutes to be no obstacle to the application of the reasoning of Arbino to this case. The difference has no bearing on our analysis of the effect of R.C. 2744.05 on the constitutional right to a jury trial. Nor does this difference affect our rational-basis review of the statute for equal protection purposes, for the reasons explained below. Therefore, we will apply the reasoning of Arbino in this case.

A. Right to trial by jury

{¶ 7} In Arbino, we considered the effect of the damage caps on the right to a jury trial. We founded our analysis on the principle that the fact-finding of a jury is inviolate for those causes for which the right is preserved. Arbino, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 35. The right ensures that a jury’s fact-finding function is not invaded, ignored, or replaced. Id. at ¶ 37. But we noted that “the right to a trial by jury does not extend to the determination of questions of law.” Id. Therefore, we reasoned that while a jury determines the amount of damages as a matter of fact, the actual award may be reduced by the application of a statute as a matter of law, akin to altering awards through remittiturs or statutory treble damages. Id. at ¶ 38-40. Thus, in Arbino, we held that the statutory limit on noneconomic damages in R.C. 2315.18(B)(2) is applied as a matter of law and does not intrude upon the fact-finding function of the jury. Id. at ¶ 40-42.
{¶ 8} Accordingly, Arbino stands for the proposition that a court does not usurp the role of the jury in contravention of Section 5, Article I of the Ohio Constitution or the Seventh Amendment to the United States Constitution when it applies a statutory limit on noneconomic damages to the facts found by the jury. Id. This proposition is true for R.C. 2744.05(C)(1) just as it was for the statute in Arbino. A court does not intrude into the jury’s fact-finding when applying R.C.. 2744.05; instead, the court applies the limit as a matter of law to the facts found by the jury. Therefore, the limit on noneconomic damages in R.C. 2744.05(C)(1) does not unconstitutionally restrict the right to a jury trial under Section 5, Article I of the Ohio Constitution or the Seventh Amendment to the United States Constitution.

B. Equal protection

{¶ 9} The Ohio and federal equal protection analysis applied in Arbino is applicable in this case as well. As in Arbino, there is no fundamental right or protected class at issue here, and R.C. 2744.05(C)(1) is facially neutral. 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 64-66. Therefore, we review the statute to determine whether it has a rational basis. Id. R.C. 2744.05(C)(1) will *282 pass constitutional muster under the Ohio and United States Constitutions if it is rationally related to a legitimate government purpose. Id. at ¶ 66.
{¶ 10} We have upheld a different subsection of R.C. 2744.05 under the rational-basis standard in the equal protection context. Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181. We held that the “state has a valid interest in preserving the financial soundness of its political subdivisions.” Id., citing Shapiro v. Thompson (1969), 394 U.S. 618, 633, 89 S.Ct. 1322, 22 L.Ed.2d 600. That same state interest supports R.C. 2744.05(C). A limit on the damages for which a political subdivision may be liable is rationally related to the purpose of preserving the financial integrity of political subdivisions. Therefore, R. C. 2744.05(C)(1) is rationally related to a legitimate government interest.
(¶ 11} Nevertheless, appellees argue that R.C. 2744.05(C)(1) should be considered unconstitutional under rational-basis review because the statute is arbitrary and unreasonable. This is so, according to appellees, because (1) the statute assigns a fixed measure of damages in all cases, thereby “impos[ing] the cost of the intended benefit to the public * * * upon those most severely injured,” citing Arbino, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 59, citing Morris v. Savoy (1991), 61 Ohio St.3d 684, 690-691, 576 N.E.2d 765, and State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, 490, 715 N.E.2d 1062; and (2) the statute does not contain an exception for catastrophic injuries as does R.C. 2315.18(B). We find these arguments unpersuasive.
(¶ 12} As a preliminary matter, we note that appellees are making a facial challenge to R.C. 2744.05(C)(1), because they cannot claim that the lack of a catastrophic-injury exception in the statute impacts their lawsuit. The catastrophic-injury exception in R.C. 2315.18(B)(3) is for “(a) [permanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system; [or] (b) [permanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities.” We find nothing in appellees’ complaint or the record that would place their injuries in these categories. Therefore, their challenge in this regard must be viewed as a facial challenge.[5]
{¶ 13} In order for a statute to be facially unconstitutional, it must be unconstitutional in all applications. Arbino, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 26, citing Harrold v. Collier, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37, and United States v. Salerno (1987), 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L.Ed.2d 697. In Arbino, the statute capped noneconomic damages for those persons who were injured but whose injuries were not so serious as to *283 be excluded from the caps under R.C. 2315.18(B)(3). Nevertheless, we held that the statute was neither unreasonable nor arbitrary. Id. at ¶ 61. Similarly, the damage limits for noneconomic harm in R.C. 2744.05(C)(1) are neither unreasonable nor arbitrary, at least with regard to persons suffering noncatastrophic injuries. Therefore, the statute has at least some valid application and will survive the facial challenge.
{¶ 14} Moreover, we would not hold the statute unconstitutional if appellees had presented an as-applied challenge for arbitrariness. The eases relied upon by appellees — Morris, Sheward, and Arbino — are distinguishable from this case. While those cases suggest that it is arbitrary or unreasonable to impose an across-the-board limitation on noneconomic damages, those cases dealt only with lawsuits between private litigants.
{¶ 15} R.C. 2744.05(C), however, applies only to damage awards against political subdivisions. We have already held that the General Assembly could have prohibited all tort actions against political subdivisions. Menefee, 49 Ohio St.3d at 29, 550 N.E.2d 181. Therefore we cannot say that it is arbitrary or unreasonable for the General Assembly to allow some recovery in tort actions.
{¶ 16} Accordingly, we hold that R.C. 2744.05(C)(1) does not violate the constitutional guarantee of equal protection under the law.
III
{¶ 17} We reverse the judgment of the court of appeals. The limit on noneconomic compensatory damages in R.C. 2744.05(C)(1) does not violate the right to a jury trial or the right to equal protection under the law.
{¶ 18} We are unable to apply the limit in R.C. 2744.05(C)(1) to the award based upon the record before us. Therefore, we remand the cause to the trial court for further proceedings consistent with this decision.
Judgment reversed and cause remanded.
Lundberg Stratton, O’Connor, Lanzinger, and Cupp, JJ., concur.
Pfeifer, J., dissents.
O’Donnell, J., dissents for the reasons stated in his dissenting opinion in Arbino v. Johnson & Johnson.

. The third person is Andrew Mendez, who was subsequently convicted for detonating the device.

. In then memoranda to this court, appellees and them amicus have asserted that R.C. 2744.05(C)(1) is unconstitutional on due process grounds, yet this issue was not addressed by the court of appeals. *280 This issue was not proposed in a proposition of law, nor have we accepted such a proposition of law. Accordingly, we decline to address the due process issue.

. Although we had accepted Gladon for review, we did not address the constitutionality of R.C. 2744.05(C), because we found a procedural error at trial and remanded the case, thereby avoiding an advisory opinion on the constitutional question. Gladon v. Greater Cleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 662 N.E.2d 287, fn. 1. In this case, the constitutional questions are ripe for review.

. {V a} R.C. 2315.18(B)(2) provides:
{¶ b} “[T]he amount .of compensatory damages that represents damages for noneconomic loss that is recoverable in a tort action under this section to recover damages for injury or loss to person or property shall not exceed the greater of two hundred fifty thousand dollars or an amount that is equal to three times the economic loss, as determined by the trier of fact, of the plaintiff in that tort action to a maximum of three hundred fifty thousand dollars for each plaintiff in that tort action or a maximum of five hundred thousand dollars for each occurrence that is the basis of that tort action.”
{¶ c} R.C. 2744.05(C)(1) provides:
{¶ d} “There shall not be any limitation on compensatory damages that represent the actual loss of the person who is awarded the damages. However * * * damages that arise from the same cause of action, transaction or occurrence, or series of transactions or occurrences and that do not represent the actual loss of the person who is awarded the damages shall not exceed two hundred fifty thousand dollars in favor of any one person.”

. Notwithstanding this conclusion, we observe that the conduct of certain employees of the Cleveland Police Department and in particular defendant Peachman was reprehensible.