[Cite as *Platt v. Cincinnati Bd. of Bldg. Appeals*, 2011-Ohio-2776.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JANICE L. PLATT, | : | APPEAL NO. C-100648 |
| | | TRIAL NO. A-0902275 |
| Appellant, | : | |
| | | *D E C I S I O N.* |
| vs. | : | |
| | | |
| BOARD OF BUILDING APPEALS OF | : | |
| THE CITY OF CINCINNATI | | |
| | : | |
| and | | |
| | : | |
| CITY OF CINCINNATI, | | |
| | : | |
| Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 10, 2011

*Janice L. Platt*, pro se.

*John P. Curp*, Cincinnati City Solicitor, and *Thomas Beridon*, Assistant City Solicitor, for Appellees.

Please note: This case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

### I.   Facts and Procedure

{¶1}     Appellant Janice Platt appeals from the Hamilton County Common Pleas court's decision affirming the decision of appellee Board of Building Appeals of the City of Cincinnati upholding appellee the city of Cincinnati's order requiring compliance with the city's building code.   We find no merit in Platt's two assignments of error, and we affirm the common pleas court's judgment.

{¶2}     The record shows that the city had notified Platt of three building-code violations against her property.  The city required her to repair a soffit on the front porch, to replace a metal cornice on the front of the building, and to paint or otherwise protect all wood or metal surfaces that were peeling or missing paint.

{¶3}     Platt appealed to the building-appeals board.  She argued that the applicable sections of the building code were unconstitutional as applied to her property.  The board upheld the city's orders.

{¶4}     Platt then appealed to the common pleas court.  Following a hearing, a magistrate recommended that the common pleas court affirm the board's decision.  Platt objected to the magistrate's decision.  The common pleas court overruled Platt's objections and adopted the magistrate's decision.  This appeal followed.

{¶5}     In her first assignment of error, Platt contends that the common pleas court erred in not finding that the applicable sections of the building code were unconstitutional as applied.  She argues that the notices of violation in this case were an improper application of the city's police power because they had no rational relation to the statutory provisions.

{¶6}     In her second assignment of error, Platt contends that the common pleas court erred in adopting the magistrate's decision, when the board's decision was not supported by a preponderance of reliable, probative and substantial evidence. We address the assignments of error together, and we find that they are not well taken.

## II. Standard of Review

{¶7}     Under R.C. 2506.04, the common pleas courts and the courts of appeals apply different standards of review in administrative appeals.[1] The common pleas court considers the whole record, including new or additional evidence admitted under R.C. 2506.03, and determines if the order or decision of the administrative board or agency is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.[2]

{¶8}     The standard of review for a court of appeals is more limited. The court does not weigh the evidence, and its review is limited to questions of law.[3] The appellate court may not substitute its judgment for that of the common pleas court, and it may reverse the judgment of the common pleas court only if it determines that the court abused its discretion.[4]

## III. Charged Violations of the Cincinnati Building Code

{¶9}     Cincinnati Municipal Code ("CMC") 1101-61 empowers the chief building official or a designee to give notice to a property owner, or to a person in

---

[1] *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433; *Paddock Point, LLC v. Zoning Bd. of Appeals*, 1st Dist. No. C-050222, 2006-Ohio-1847, ¶11.
[2] *Henley*, supra, at 147.
[3] Id. at 147; *Fierro v. Greater Cincinnati Water Works*, 1st Dist. No. C-100041, 2010-Ohio-4314, ¶4.
[4] *Henley*, supra, at 147; *Paddock Point*, supra, at ¶12.

control, of work or equipment that does not comply with the Cincinnati Building Code, "an unsafe, dangerous, or unsanitary condition [that] exists in connection with any building, object, or device governed by the provisions of this Code, or a condition constituting a violation of any section of [the] Code or of any law or ordinance relating to the same subject matter." Along with the notice of the defective condition or violation of the building code, the official must order that the property be brought into compliance with the building code or related laws and ordinances.

{¶10} The city cited Platt under CMC 1101-61 for two violations of CMC 1117-45.1. It provides that "[a]ll residential buildings, and all parts thereof, together with the premises on which they are located, shall be kept in good repair and free from unsafe, unclean and insanitary [sic] conditions, so that all parts thereof shall function properly and provide approved conditions of safety and sanitary habitability."

{¶11} The city also cited Platt for a violation of CMC 1117-47.2. It provides that "[a]ll exterior walls, woodwork and exposed metal portions of every dwelling that are inadequately protected against the weather due to lack of paint, or other approved protective coating shall be painted or otherwise protected against decay, corrosion, or deterioration."

### IV. Police Power Generally

{¶12} Platt acknowledges that building codes generally and CMC 1117-45.1 and 1117-47.2 on their face are valid exercises of police power.[5] Because the objective of any exercise of police power is to protect the public health, safety, and general

---

[5] See *Hudson v. Albrecht* (1984), 9 Ohio St.3d 69, 72, 458 N.E.2d 852; *Kruppa v. Warren*, 11th Dist. No. 2009-T-0017, 2009-Ohio-4927, ¶40; *Gross v. Strongsville* (Jan. 25, 1980), 8th Dist. No. 40338; *Cincinnati v. Klatch* (Mar. 8, 1976), 1st Dist. No. 75267.

welfare, its exercise must bear a substantial relationship to that objective and must not be unreasonable or arbitrary.[6]

{¶13}   The nature of the police power is elastic.  "The police power is one of the least limitable of governmental powers, and its operation often cuts down on property rights."[7]  It must be allowed to expand or contract in response to changing needs and conditions.[8]

### V.  An "as Applied" Constitutional Challenge

{¶14}   Platt contends that the building-code provisions at issue here are unconstitutional as applied.  An "as applied" challenge involves a different standard than a facial challenge.[9]  The party advancing an "as applied" challenge bears the burden to present clear and convincing evidence of a presently existing state of facts that make the ordinance or statute void as applied.[10]  To determine if the statute is unconstitutional as applied, we must determine whether the person challenging the statute had a constitutionally protected right to engage in the activity involved.[11]

{¶15}   Platt argues that the damaged cornice and soffit did not render the building "insecure, unsafe, or structurally defective," as proscribed by CMC 1101-61, or "unsafe, unclean or insanitary [sic]," as proscribed by CMC 1117-45.1.  She also argues that the purpose of CMC 1117-47.2 is to make the property safe, and that the violation for flaking paint did not render the property unsafe, but merely affected its aesthetic value.

---

[6] *Hudson*, supra, at 72.
[7] *Gross*, supra, quoting *Queenside Hills Realty Co. v. Saxl* (1946), 328 U.S. 80, 83, 66 S.Ct. 850.
[8] Id.
[9] *Groch v. General Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶80.
[10] Id. at ¶81; *State v. Boggs* (June 25, 1999), 1st Dist. No. C-980640.
[11] *State v. Dario* (1995), 106 Ohio App.3d 232, 240, 665 N.E.2d 769.

{¶16} The Ohio Supreme Court has held that maintaining the aesthetics of the community is a legitimate government interest and constitutes a valid exercise of its police power.[12] The building inspector testified that he had done a sweep of the neighborhood, and that while he agreed that the violations on Platt's property were not "life threatening," he nonetheless found that conditions on the property violated the building code.

{¶17} Platt essentially argued that the since the violations were minor, she should not have been cited for those violations. But the city need not wait until violations become "life threatening" before it can act. It can order a property owner to fix minor problems that render the property unsafe, unclean, or unsanitary before those problems become severe.

{¶18} Platt also asked the common pleas court to substitute its judgment for that of the building inspector. The court rightfully declined to do so. It found that the record contained a preponderance of reliable, probative, and substantial evidence to support the board's decision. Under our limited standard of review, we cannot say that the court's decision was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion.[13]

{¶19} Finally, Platt argues that the applicable sections of the building code were overbroad because they reached "de minimis conduct" that is not substantially related to the building code's purpose. But courts only recognize overbreadth challenges in relation to First Amendment issues, which are not involved in this case.[14]

---

[12] *Hudson*, supra, at 72-73; *Mariemont Apt. Assn. v. Mariemont*, 1st Dist. No. C-050986, 2007-Ohio-173, ¶30.
[13] See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 450 N.E.2d 1140; *Cincinnati v. Harrison*, 1st Dist. No. C-090702, 2010-Ohio-3430, ¶7.
[14] *State v. Brooks* (1996), 75 Ohio St.3d 148, 155, 1996-Ohio-134, 661 N.E.2d 1030; *State v. Bennett*, 150 Ohio App.3d 450, 2002-Ohio-6651, 782 N.E.2d 101, ¶33.

### *VI. Summary*

{¶20}   The common pleas court concluded that, as applied to Platt, the Cincinnati Building Code "is a proper exercise of police power" that "bears a real and substantial relationship to the stated purpose of promoting the public health, safety, and welfare of the community."   We cannot say that the court's decision was so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion.[15] Consequently, we overrule Platt's two assignments of error and affirm the common pleas court's judgment.

Judgment affirmed.

**HENDON** and **FISCHER, JJ.**, concur.

*Please Note:*

The court has recorded its own entry this date.

---

[15] See *Blakemore*, supra, at 218; *Harrison*, supra, at ¶7.