[Cite as *Hyde Park Neighborhood Council, Inc. v. Cincinnati*, 2012-Ohio-3331.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| HYDE PARK | : | APPEAL NO. C-110579 |
| NEIGHBORHOOD COUNCIL, INC., | | TRIAL NO. A-0911188 |
| | : | |
| CARL UEBELACKER, | | |
| | : | *O P I N I O N.* |
| and | | |
| | : | |
| GARY WOLLENWEBER, | | |
| | : | |
| Plaintiffs-Appellants, | | |
| | : | |
| vs. | | |
| | : | |
| CITY OF CINCINNATI, | | |
| | : | |
| and | | |
| | : | |
| CITY OF CINCINNATI ZONING | | |
| BOARD OF APPEALS, | : | |
| | | |
| Defendants-Appellees, | : | |
| | | |
| and | : | |
| | | |
| FALLING LEAVES, LLC, | : | |
| | | |
| Intervenor-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: July 25, 2012

*Ginger Bock*, for Plaintiffs-Appellants,

*Heidi Rosales*, for Defendants-Appellees,

*William P. Schroeder*, for Intervenor-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge**

{¶1}    In this administrative appeal, we consider whether the Cincinnati Municipal Code requires the city's zoning hearing examiner to prepare a transcribable record of the public hearings that he or she conducts.  We hold that Cincinnati Municipal Code 113-1 imposes this duty, and we, therefore, reverse the judgment of the court of common pleas.

### Factual Background & Procedural Posture

{¶2}    The record reflects that in June 2008, Karl Gieseke filed an application for development with the city of Cincinnati regarding property located in both a commercial neighborhood-pedestrian district and an urban design overlay district.  *See generally* Cincinnati Municipal Code Chapter 1409 and 1437.  Gieseke sought permission to demolish a vacant single-family residence and to construct a four-story mixed-use building, along with variances from several zoning regulations.  The proposed building initially contained a small parking garage on the first floor.

{¶3}    Following public hearings on the application, the city's zoning hearing examiner conditionally approved the application.  *See* Cincinnati Municipal Code 1437-07(b).  Among other conditions, the zoning hearing examiner prohibited parking on the first floor within the building, but allowed Gieseke to move the structure ten feet closer to the front property line to accommodate parking behind the building.  T.d. 8 at 142.

{¶4}    In February 2009, the city's zoning board of appeals, however, concluded that this condition was "of sufficient magnitude that it would result in a very substantial revision of the development proposal and that any such revision should be subject to the public hearing process."  *Id.* at 134.  The board, therefore, reversed the

conditional approval in part, and instructed the zoning hearing examiner to consider at a public hearing on remand:

1.  Any modification of the building placement of 26 feet 4 inches from the front property line, as shown on the site plan included in the record.

2.  No demolition permit should be issued until a development proposal is approved that meets the conditions of approval the [zoning hearing examiner] and this [zoning board of appeals] decision; and

3.  Prior to the issuance of permits, the Applicant must obtain approval from the Director of City Planning for a reduction in the required number of parking spaces.

*Id.* at 138.

In all other respects, the board affirmed.

{¶5}   On remand, the zoning hearing examiner held two public hearings in April 2009. The record, however, does not contain a transcript of either hearing. According to subsequent findings by the zoning board of appeals, the zoning hearing examiner turned his tape recorder on and off during the first hearing, and later refused to provide a recording of the second hearing in response to a request by plaintiff-appellant Hyde Park Neighborhood Council, Inc., ("HPNC"). *Id.* at 1-2.

{¶6}   In June 2009, the zoning hearing examiner held a public hearing on a revised proposal submitted by Gieseke. Despite the complaints of several testifying parties, he limited the hearing to those issues articulated by the zoning board of appeals for consideration on remand. The hearing was recorded, and the record includes a transcript of the proceedings.

{¶7}    Soon thereafter, the zoning hearing examiner found that (1) the revised proposal satisfied the conditions of the zoning board of appeals, (2) the front yard setback was unchanged, (3) the parking garage was removed from the first floor of the building, and (4) Gieseke had secured approval for a reduction in the required number of parking spaces. *Id.* at 98-99. The project was, therefore, conditionally approved.

{¶8}    The zoning board of appeals upheld the decision of the zoning hearing examiner, concluding in part that "[t]he Cincinnati Zoning Code[1] does not require the [zoning hearing examiner] to make a record of the proceedings of his public hearings." *Id.* at 2. Plaintiffs-appellants HPNC, Carl Uebelacker, and Gary Wollenweber (collectively, "the appellants") appealed from that decision to the Hamilton County Court of Common Pleas pursuant to R.C. 2506.01. The court affirmed, and this appeal followed.

### Standard of Review

{¶9}    Under R.C. 2506.04, the courts of common pleas and the courts of appeals apply different standards of review for administrative appeals. *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000). The court of common pleas must determine whether the administrative decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. In contrast, the review of the court of appeals is limited to questions of law. *Henley* at 147. "The appellate court may not substitute its judgment for that of the common pleas court, and it may reverse the judgment of the common pleas court only if it determines that the court abused its discretion." *Platt v. Bd. of Bldg. Appeals*

---

[1] Under Cincinnati Municipal Code 1400-01, Title XIV of the code is styled "Cincinnati Zoning Code."

*of Cincinnati*, 1st Dist. No. C-100648, 2011-Ohio-2776, ¶ 8, citing *Henley* at 147 and *Paddock Point, LLC v. Zoning Bd. of Appeals of Cincinnati*, 1st Dist. No. C-050222, 2006-Ohio-1847, ¶ 12.

## Analysis

{¶10}   In their first assignment of error, the appellants argue that the common pleas court abused its discretion in concluding that the zoning hearing examiner is not required to record his or her public hearings.  We agree.

{¶11}   The Cincinnati Municipal Code and the Cincinnati Administrative Code contemplate multiple hearing examiners to conduct a variety of administrative hearings for the city.  *See* Cincinnati Administrative Code Article II, Section 12 (describing the appointment and qualifications of hearing examiners); Cincinnati Municipal Code Chapter 1443 (detailing procedure before the zoning hearing examiner); Cincinnati Municipal Code 1501-17 (providing for a hearing examiner in civil offense cases).  The Cincinnati Municipal Code generally provides that "[h]earing examiners shall review and examine all information, conduct public hearings, *prepare records thereof*, enter findings, conclusions, and orders in cases assigned to the examiner for decision or review, in accordance with the procedures set forth in this chapter and with all other applicable laws, ordinances and regulations."  (Emphasis added.)  Cincinnati Municipal Code 113-1.

{¶12}   The appellants contend that in requiring hearing examiners to "prepare records" of their public hearings, Cincinnati Municipal Code 113-1 imposes a duty on hearing examiners to prepare a transcribable record.  In response, the city argues that the municipal code does not create this duty explicitly and, therefore, the trial court did not abuse its discretion in affirming the zoning board of appeals.

{¶13}   Standing alone, Cincinnati Municipal Code 113-1 is ambiguous as to the extent of the record that a hearing examiner must prepare.  However, given the critical role of a detailed record to the administrative process, we believe that the Cincinnati City Council, in enacting this provision, intended the city's hearing examiners to prepare records from which a transcript of the testimony heard and evidence presented could be created.

{¶14}   For instance, under Cincinnati Municipal Code 113-13, hearing examiners shall render a decision within ten days from the close of a hearing, making and entering "findings of fact *from the record* and conclusions of law in support of the decision."  (Emphasis added.).  "A decision made pursuant to § 113-13 shall  be final, subject only to appeal as specifically provided by ordinance to a city board or by law to a court of competent jurisdiction."  Cincinnati Municipal Code 113-17.

{¶15}   For those decisions that are subject to direct review by the court of common pleas, the Ohio Revised Code requires that the administrative body, "upon the filing of a praecipe by the appellant, shall prepare and file in the court to which the appeal is taken a complete transcript of all original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision. The costs of the transcript shall be taxed as a part of the costs of appeal."  R.C. 2506.02.  *See Smith v. Chester Twp. Bd. of Trustees*, 60 Ohio St.2d 13, 17, 396 N.E.2d 743 (1979) (recognizing that "case law in Ohio supports the view that the burden is on the administrative agency to produce the transcript for appeal").[2]  The court is then generally confined to that transcript. *See* R.C. 2506.03(A).

---

[2] In *Smith*, the Ohio Supreme Court nevertheless expressly declined to "decide the extent of an agency's duty to maintain a record of its proceedings in all instances." *Id.* at 17, fn. 4.

{¶16}    Decisions of the zoning hearing examiner are, in contrast, first reviewed by the zoning board of appeals.  Cincinnati Municipal Code 1443-11.  In such cases, "the appellant has the duty to cause a complete record of the proceedings, including a transcript of all testimony, pertaining to the decision being appealed to be filed with the secretary of the board at the appellant's cost."  Cincinnati Municipal Code 1449-15(b).  As with the court of common pleas under R.C. 2506.03, the board is generally confined to the record.  Cincinnati Municipal Code 1449-15(d).  The decisions of the zoning board of appeals are appealable to the Hamilton County Court of Common Pleas under R.C. Chapter 2506.  Cincinnati Municipal Code 1449-19.

{¶17}    We presume that the Cincinnati City Council was aware of these processes when it required the city's hearing examiners to "prepare records" of their public hearings under Cincinnati Municipal Code 113-1.  To interpret this language as a duty to create less than a transcribable record would be incongruent with the duty of a hearing examiner to make "findings of fact from the record" under Cincinnati Municipal Code 113-13 and the record requirements of R.C. 2506.02.  The appellant's duty "to cause a complete record of the proceedings" before the zoning hearing examiner to be filed with the zoning board of appeals does not alter this generally applicable requirement on all Cincinnati hearing examiners.

{¶18}    Accordingly, we hold that Cincinnati Municipal Code 113-1 requires the city's hearing examiners, including the zoning hearing examiner, to prepare a transcribable record of their proceedings.  Because that did not occur in this case, we next consider the appropriate remedy for the zoning hearing examiner's failure to record the two April 2009 public hearings.

{¶19}    As previously noted, Cincinnati Municipal Code 1449-15(d) generally limits the zoning board of appeals to the record of proceedings before the zoning

hearing examiner. However, this bar is lifted where "it appears on the face of the record or by affidavit filed by person affected that * * * [t]he record does not contain a report of all evidence admitted or proffered below." Cincinnati Municipal Code 1449-15(d)(1). "The board may remand a matter to the examiner in order to cure any such deficiency or enter such other order as justice may require. Otherwise, the board may not receive any additional testimony or evidence." Cincinnati Municipal Code 1449-15(d). This provision closely follows R.C. 2506.03(A), applicable in administrative appeals to the courts of common pleas, which the Ohio Supreme Court has recognized as a "liberal provision for the introduction of new or additional evidence." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984).

{¶20} We are, nevertheless, troubled that hearing examiners may potentially evade administrative and judicial review by shifting their duty to prepare transcribable records of their public hearings onto appellants, who would then need to prepare transcripts of the proceedings post hoc. Although the above record-supplementing procedures may be sufficient where there are less egregious gaps in the record, where—as in this case—the hearing examiner fails to prepare transcribable records of entire hearings, it is manifestly unjust for the city to wash its hands of the deficiency.

{¶21} To remedy this situation, the matter must be remanded to the zoning hearing examiner by the zoning board of appeals pursuant to Cincinnati Municipal Code 1449-15(d) to cure the record. Because the unrecorded April 2009 hearings on remand could have contributed to the zoning hearing examiner's ultimate conditional approval of Gieseke's proposal, the curative proceedings should begin anew from that point. The proceedings, therefore, need not exceed the scope of the initial remand by the zoning board of appeals in February 2009.

**{¶22}** This disposition renders the appellants' second assignment of error raising additional arguments against the decision of the common pleas court moot. *See* App.R. 12(A)(1)(c). The judgment of the court of common pleas is reversed and the cause is remanded with instructions to remand the matter to the zoning board of appeals for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**HILDEBRANDT, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry this date.