[Cite as *State v. Campbell*, 2013-Ohio-5612.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO. C-120871
                                           TRIAL NO. B-1206467
    Plaintiff-Appellee,      :
                                           *O P I N I O N.*
  vs.                            :

SANCHEZ CAMPBELL,                 :

    Defendant-Appellant.     :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 20, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jerome J. Grogan*, for Defendant-Appellant.



Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}   Following a no-contest plea, defendant-appellant Sanchez Campbell was convicted of carrying a concealed weapon under R.C. 2923.12(A)(2). He entered the plea after the trial court overruled his motion to dismiss the indictment on the basis that the carrying-a-concealed-weapon statute was unconstitutional. We affirm the trial court's judgment.

{¶2}   In his sole assignment of error, Campbell contends that the trial court erred in denying his motion to dismiss the indictment. He argues that R.C. 2923.12 is unconstitutional on its face and as applied to him because it denies him his fundamental right to bear arms. This assignment of error is not well taken.

{¶3}   Generally, we review a trial court's denial of a motion to dismiss de novo. *State v. Thompson*, 1st Dist. Hamilton No. C-130053, 2013-Ohio-2647, ¶ 4. We also review constitutional challenges de novo. *State v. Castellini*, 1st Dist. Hamilton Nos. C-110445 and C-110446, 2012-Ohio-1603, ¶ 12. Legislative enactments enjoy a strong presumption of constitutionality. To overcome that presumption, the challenging party must prove that the statute is unconstitutional beyond a reasonable doubt. *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, ¶ 4; *State v. Kraft*, 1st Dist. Hamilton No. C-060238, 2007-Ohio-2247, ¶ 30.

{¶4}   A party can challenge a statue as being unconstitutional on its face or as applied to a particular set of facts. *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37. In a facial challenge, the party challenging the statute must demonstrate that no set of facts exists under which the statute would be valid. *Id.* at ¶ 37. It must be unconstitutional in all of its applications. *Oliver v.*

*Cleveland Indians Baseball Co. Ltd. Partnership v. Cleveland*, 123 Ohio St.3d 278, 2009-Ohio-5030, 915 N.E.2d 1205, ¶ 13.

{¶5}     Campbell relies upon two United States Supreme Court decisions.  In *Dist. of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 627 (2008), the court held that the Second Amendment to the United States Constitution confers an individual right to keep and bear arms.  *Id.* at 595.  Therefore, the court found a District of Columbia law prohibiting the ownership and possession of handguns inside the home and used for self-defense to be unconstitutional.  *Id.* at 635-636.

{¶6}     In *McDonald v. Chicago*, ___ U.S. ___, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), the court held that the right to bear arms enshrined in the Second Amendment "is fully applicable to the states."  *Id.* at 3026 and 3050.  Thus, the court struck down similar laws in Chicago and Oak Park that banned the possession of handguns in the home.  *Id.*

{¶7}     Nevertheless, in *Heller*, the Supreme Court pointed out that "[l]ike most laws, the right secured by the Second Amendment is not unlimited." *Heller* at 626.  It stated:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Id.* at 626-627. The court continued, "We identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive." *Id.* at 637, fn. 26.

{¶8} Thus, *Heller* suggests that the right to bear arms is not absolute, and certain settled longstanding restrictions may fall under the category of presumptively lawful regulatory measures. *Clementz-McBeth v. Craft*, 3d Dist. Auglaize No. 2-11-16, 2012-Ohio-985, ¶ 28. Even after *Heller* and *McDonald*, various Ohio courts have upheld the constitutionality of laws regulating firearms. *See State v. Rush*, 2d Dist. Montgomery No. 25179, 2012-Ohio-5919 (improper handling of a firearm in a motor vehicle); *State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876 (firearm specification); *State v. Beyer*, 5th Dist. Licking No. 12-CA-27, 2012-Ohio-4578 (using a weapon while intoxicated); *State v. Henderson*, 11th Dist. Portage No. 2010-P-0046, 2012-Ohio-1268 (plurality) (improper handling of a firearm in a motor vehicle); *Clementz-McBeth* (civil protection order with a firearm restriction).

{¶9} The court in *Heller* did not announce the appropriate level of scrutiny to be applied to restrictions to bear arms, noting that the complete ban on handguns in that case would not have passed constitutional muster under any standard of scrutiny. *Heller*, 554 U.S. at 628-629, 128 S.Ct. 2783, 171 L.Ed.2d 637. But it did state that use of the rational-basis test would be inappropriate. *Id.* at 628, fn. 27.

{¶10} Many courts since that have addressed the issue have applied an intermediate level of scrutiny. *See, e.g., Henderson* at ¶ 48; *Kachalsky v. Cty. of Westchester*, 701 F.3d 81, 93-94 (2d Cir.2012); *United States v. Reese*, 627 F.3d 792, 801-802 (10th Cir.2010). To meet that standard, the legislation must be narrowly tailored to serve a significant government interest and it must leave open alternative

4

means of exercising that right. *Perry Edn. Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37, 45, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983); *Henderson* at ¶ 52.

{¶11} Federal courts have applied a two-part test. First, the court must consider whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment guarantee. If it does, the court must evaluate the law under "some form of means-end scrutiny." *Drake v. Filko*, 724 F.3d 426, 429 (3d Cir.2013); *United States v. Greeno*, 679 F.3d 510, 518 (6th Cir.2012); *Reese* at 800-801; *U.S. v. Marzzarella*, 614 F.3d 85, 89 (3d Cir.2010).

{¶12} Prior to *McDonald* and *Heller*, the Ohio Supreme Court decided *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633. The court held that R.C. 2923.12 "does not unconstitutionally infringe on the right to bear arms; there is no constitutional right to bear concealed weapons." *Id.* at paragraph one of the syllabus. Its holding was based upon Ohio Constitution, Article I, Section 4, which states: "The people have a right to bear arms for their defense and security[.]"

{¶13} The *Klein* court held that while the right to bear arms was "fundamental" and "entrenched in the constitutional heritage of our state," that right is not absolute. *Id.* at ¶ 7. It noted that a statute prohibiting carrying a concealed weapon "has been part of our legal heritage since 1859" and has been in effect through numerous amendments and two different constitutional conventions. *Id.* at ¶ 12. It held that the carrying-a-concealed-weapon statute was "regulation of the manner in which weapons can be carried" and was within the state's police power. *Id.* at ¶ 13. The court added that the statute was a reasonable method of achieving the General Assembly's goal of maintaining an orderly and safe society. *Id.* at ¶ 15.

{¶14} We think that the logic of *Klein* applies even under intermediate scrutiny. While there is a fundamental right to bear arms, there is no fundamental

5

right to carry a concealed weapon. Even if we were to hold that the prohibition against carrying a concealed weapon does burden conduct within the scope of the right to bear arms, it serves a significant public interest, promoting public safety. *See Henderson*, 2012-Ohio-1268, at ¶ 52; *Kachalsky*, 701 F.3d at 97; *Reese*, 627 F.3d at 802. The prohibition is substantially related to that government interest and leaves open alternate means of exercising the fundamental right to bear arms. *Henderson* at ¶ 52; *Kachalsky* at 98-99.

{¶15} The right to bear arms is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller*, 554 U.S. at 626, 128 S.Ct. 2783, 171 L.Ed.2d 637. Campbell has failed to show that R.C. 2923.12 is unconstitutional in all of its applications. Therefore, he has failed to show beyond a reasonable doubt that it is unconstitutional on its face.

{¶16} Campbell also argues that the statute is unconstitutional as applied to him. The party contending that a statute is unconstitutional as applied bears the burden to present clear and convincing evidence of a presently existing state of facts that make the statute void when applied to those facts. *Harrold*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, at ¶ 38; *Platt v. Bd. of Bldg. Appeals of Cincinnati*, 1st Dist. Hamilton No. C-100648, 2011-Ohio-2776, ¶ 14.

{¶17} The legislature has provided a means for individuals to obtain a license to carry a concealed handgun. Under R.C. 2929.125, a person who is not under certain restrictions may obtain a license to carry a concealed handgun. An applicant for this license must pay a fee, and in some cases, the costs of a criminal background check. R.C. 2923.125(B)(1). An applicant must also provide a certificate showing that the applicant has completed a firearm safety and training course. R.C. 2923.125(B)(3).

{¶18}   Campbell argues that had he been able to obtain a license, he would not have been convicted of carrying a concealed weapon.   He contends that the statutory scheme violates his fundamental rights because he is indigent and cannot afford the fee or the cost of the class.   Further, the statute does not allow for a waiver of the fee, except for retired law enforcement officers and a few others, or for the cost of the class.

{¶19}   But even though Campbell argued that he was indigent, the record is devoid of any evidence showing that he could not pay the fee or the cost of a class to obtain a concealed-carry license.   He did not present an affidavit of indigency or any testimony showing he was without funds to obtain a concealed-carry license.  Further, the record does not show that the trial court appointed counsel for him because he was indigent or that the court waived court costs rather than imposing them because he was indigent.  Campbell bore the burden to show that the statutory scheme is unconstitutional as applied to him and simply arguing that he is indigent is insufficient to meet that burden.

{¶20}   Under the circumstances, the trial court did not err in overruling Campbell's motion to dismiss the indictment.  We overrule his assignment of error, and we affirm his conviction.

Judgment affirmed.


HILDEBRANDT, P.J., and FISCHER, J., concur.

Please note:
    The court has recorded its own entry this date.