French, J.,
dissenting.
{¶ 110} I dissent from the decision of a majority of this court that R.C. 2907.03(A)(13) is unconstitutional and would hold that R.C. 2907.03(A)(13) does not violate the guarantees of equal protection under the Fourteenth Amendment to the United States Constitution or Article I, Section 2 of the Ohio Constitution.
{¶ 111} The lead opinion, while noting the presumption of constitutionality and deference afforded to legislative enactments under rational-basis review, has in fact applied an elevated level of judicial scrutiny. As the party invoking the extreme remedy of striking down an entire statute on its face, Mole must “negate every conceivable basis that might support the legislation.” Columbia Gas Transm. Corp. v. Levin, 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 91. Mole has not met this very high burden.
{¶ 112} In its analysis, the lead opinion fails to consider applications of the statute that might support its validity, as rational-basis scrutiny requires. Instead, the lead opinion concludes that the imposition of criminal liability on peace officers under the circumstances in Mole’s case—“when there is no occupation-based relationship between the officer and the victim”—violates equal protection. Lead opinion at ¶ 2. But the General Assembly enacted this law in the wake of State v. Stout, 3d Dist. Logan No. 8-06-12, 2006-Ohio-6089, 2006 WL 3350770, which arose when a detective allegedly used his position of trust to engage in sexual conduct with a 16-year-old victim and witness of a murder-suicide involving her family. Stout at ¶ 5. See also Ohio House Session, May 7, 2008, Am.Sub.H.B. No. 209, available at http://www.ohiochannel.org/video/house-session-may-7-2008 at 44:03.
{¶ 113} The Stout case demonstrates one set of circumstances falling under the legitimate sweep of the statute, that is, when a peace officer’s unlawful sexual conduct with a minor relates directly to the officer’s professional status. And because the statute has at least some valid application that is rationally related to a legitimate state interest, it must survive a facial challenge. Oliver v. Cleveland *248 Indians Baseball Co. Ltd. Partnership, 123 Ohio St.3d 278, 2009-Ohio-5030, 915 N.E.2d 1205, ¶ 13.
{¶ 114} The lead opinion also concludes that R.C. 2907.03(A)(13) does not bear a rational relationship to the state’s interest in protecting minors from sexual coercion. On the one hand, the lead opinion deems the statute overinclusive because it designates all peace officers for differential treatment when only some officers might abuse their authoritative positions. Lead opinion at ¶ 57. On the other hand, the lead opinion deems the statute underinclusive because members of other professions with access to children are just as likely to engage in sexual predation. Id. at ¶ 58.
{¶ 115} Rational-basis review, however, does not demand “mathematical exactitude,” New Orleans v. Dukes, 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976), and we are compelled under this deferential standard “ ‘ “to accept a legislature’s generalizations even when there is an imperfect fit between means and ends.” ’ ” Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray, 127 Ohio St.3d 104, 2010-Ohio-4908, 936 N.E.2d 944, ¶ 32, quoting Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ., 87 Ohio St.3d 55, 58, 717 N.E.2d 286 (1999), quoting Fed. Communications Comm. v. Beach Communications, Inc., 508 U.S. 307, 315, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993). The General Assembly determined that the privilege of serving as a peace officer comes with the obligation to adhere to a higher standard of conduct both on and off duty. As permitted under rational-basis scrutiny, the legislature concluded that the benefits of prohibiting all such sexual encounters between peace officers and minors outweigh the risk of underinclusion.
{¶ 116} I would therefore conclude that R.C. 2907.03(A)(13) is rationally related to the state’s legitimate interests in preserving public confidence in the integrity of law-enforcement officers and in protecting minors from sexual predation.
{¶ 117} I also dissent from the lead opinion’s conclusion that the Ohio Constitution provides an independent basis to invalidate R.C. 2907.03(A)(13). See lead opinion at ¶ 23 (“even if we have erred in our understanding of the federal Constitution’s Equal Protection Clause, we find that the guarantees of equal protection in the Ohio Constitution independently forbid the disparate treatment of peace officers * * * ”). Once again, the lead opinion has declared without any textual analysis or support that a right secured by the Ohio Constitution affords broader protection to its citizens than the federal Constitution. See State v. Bode, 144 Ohio St.3d 155, 2015-Ohio-1519, 41 N.E.3d 1156, ¶ 31-42 (French, J., dissenting); State v. Brown, 143 Ohio St.3d 444, 2015-Ohio-2438, 39 N.E.3d 496, ¶ 28-43 (French, J., dissenting). I wholeheartedly agree that the Ohio Constitution may provide greater protection of individual rights than the federal Constitution and that “[flederal opinions do not control our independent analyses in *249 interpreting the Ohio Constitution * * Lead opinion at ¶ 21. But that is exactly what is missing from the lead opinion: an independent analysis of the equal-protection guarantee in Article I, Section 2 of the Ohio Constitution premised on its language, history or early understandings. Absent that analysis, the lead opinion has not presented any “ ‘ “compelling reasons why Ohio constitutional law should differ from the federal law.” ’ ” Brown at ¶ 34 (French, J., dissenting), quoting Bode at ¶ 33 (French, J., dissenting), quoting State v. Wogenstahl, 75 Ohio St.3d 344, 363, 662 N.E.2d 311 (1996).
Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, for appellant.
John Fatica and Richard J. Perez, for appellee.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, and Kathryn L. Kreps, Assistant Attorney General, urging reversal for amicus curiae, Ohio Attorney General Michael DeWine.
{¶ 118} Even more puzzling, after declaring that Article I, Section 2 of the Ohio Constitution affords greater protection than the federal Equal Protection Clause, the lead opinion does not articulate a new rule or standard for examining equal-protection claims under the Ohio Constitution. Rather, the lead opinion recites a substantially similar rational-basis test under both the Ohio and federal Constitutions. See lead opinion at ¶ 27. In the end, it is unclear what the lead opinion accomplishes with its declaration of independence from federal precedent, other than inviting parties to invoke the Ohio Constitution as an alternative basis for relief when they cannot obtain the desired outcome under the federal Constitution.
{¶ 119} For these reasons, I respectfully dissent.
O’Donnell, J., concurs in the foregoing opinion.