Kennedy, J.,
concurring in part and dissenting in part.
{¶ 33} I agree with the majority that the discretionary-bindover process under R.C. 2152.10(B) and 2152.12(B) through (E) does not offend due process as guaranteed by Article I, Section 16 of the Ohio Constitution. I part with the majority, however, in its determination that Article I, Section 16 provides a unique protection that R.C. 2152.10(A), which sets forth the mandatory-bindover process, violates on its face.
{¶ 34} State courts are “free to construe their state constitutions as providing different or even broader individual liberties than those provided under the federal Constitution.” Arnold v. Cleveland, 67 Ohio St.3d 35, 41, 616 N.E.2d 163 (1993). However, we have interpreted the Ohio Due Course of Law Clause, Article I, Section 16, as coextensive with the Due Process Clause of the Fourteenth Amendment to the United States Constitution because the language of the two clauses is “virtually the same,” In re Hua, 62 Ohio St.2d 227, 230, 405 *475 N.E.2d 255 (1980). And our recognition that the two clauses are equivalent hearkens back to at least 1893. See Salt Creek Valley Turnpike Co. v. Parks, 50 Ohio St. 568, 579, 35 N.E. 304 (1893).
{¶ 35} Here, the majority is silent as to whether the mandatory-bindover procedure violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Instead, the majority quotes the generalized statement in Arnold that “ ‘[t]he Ohio Constitution is a document of independent force,’ ” majority opinion at ¶ 15, quoting Arnold at paragraph one of the syllabus, without engaging in any textual or historical analysis of the particular provision of the Ohio Constitution that is at issue. While I agree with the majority that the Ohio Constitution can be a document of independent force, to leap to the legal conclusion that Article I, Section 16 provides unique protection to juveniles without analysis of the “protection [that] the United States Supreme Court has provided in its interpretation of’ the Fourteenth Amendment, Arnold at paragraph one of the syllabus, suggests that the majority’s determination is not based on constitutional interpretation but, rather, on its “sense of judicial necessity,” State v. Mole, 149 Ohio St.3d 215, 2016-Ohio-5124, 74 N.E.3d 368, ¶ 91 (Kennedy, J., dissenting).
{¶ 36} Similarly, the majority’s conclusion that R.C. 2152.10(A) is facially unconstitutional is not supported by a proper facial constitutional analysis. Judicially overriding the will of the legislature by declaring a statute facially infirm is an “exceptional remedy,” and that power should be exercised with great caution and restraint. Carey v. Wolnitzek, 614 F.3d 189, 201 (6th Cir.2010). A facial constitutional challenge requires proof beyond a reasonable doubt that the statutory provision is constitutionally infirm. State ex rel. Ohio Congress of Parents & Teachers v. State Bd. of Edn., 111 Ohio St.3d 568, 2006-Ohio-5512, 857 N.E.2d 1148, ¶ 21. To succeed, the challenger must demonstrate that no set of circumstances exists under which the act would be valid. Wymsylo v. Bartec, Inc., 132 Ohio St.3d 167, 2012-Ohio-2187, 970 N.E.2d 898, ¶ 21, citing United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). “The fact that a statute might operate unconstitutionally under some plausible set of circumstances is insufficient to render it wholly invalid.” Harrold v. Collier, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37. “In order for a statute to be facially unconstitutional, it must be unconstitutional in all applications.” Oliver v. Cleveland Indians Baseball Co. Ltd. Partnership, 123 Ohio St.3d 278, 2009-Ohio-5030, 915 N.E.2d 1205, ¶ 13, citing Harrold at ¶ 37 and Salerno at 745. Facial challenges seek to remove a law from the books, i.e., to “leave nothing standing.” Warshak v. United States, 532 F.3d 521, 528 (6th Cir.2008). The majority’s analysis does not meet this high standard.
*476 {¶ 37} The majority relies on the due-process standard of “fundamental fairness.” Due process is a flexible concept; however, at its core, it requires an opportunity to be heard when the government seeks to infringe on a protected liberty or property right, Boddie v. Connecticut, 401 U.S. 371, 377, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). As we have said:
“There is no doubt that the Due Process Clause is applicable in juvenile proceedings. ‘The problem,’ we have stressed, ‘is to ascertain the precise impact of the due process requirement upon such proceedings.’ In re Gault, 387 U.S. 1, 13-14, 87 S.Ct. 1428, 1436-1437, 18 L.Ed.2d 527 (1967). We have held that certain basic constitutional protections enjoyed by adults accused of crimes also apply to juveniles. See Id., at 31-57, 87 S.Ct., at 1445-1459 [18 L.Ed.2d 527] (notice of charges, right to counsel, privilege against self-incrimination, right to confrontation and cross-examination); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (proof beyond a reasonable doubt); Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) (double jeopardy).”
(Brackets sic.) State v. D.H., 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 48, quoting Schall v. Martin, 467 U.S. 253, 263, 104 S.Ct. 2403, 81 L.Ed.2d 207 (1984).
{¶ 38} Fundamental fairness is a “unique doctrine [that] is not appropriately applied in every case but only in those instances when the interests involved are especially compelling.” In re W.Z., 194 Ohio App.3d 610, 2011-Ohio-3238, 957 N.E.2d 367, ¶ 19 (6th Dist.). (“ ‘It is appropriately applied in those rare cases where not to do so will subject the defendant to oppression, harassment, or egregious deprivation.’ ”) Id., quoting State v. Yoskowitz, 116 N.J. 679, 712, 563 A.2d 1 (1989). The majority holds that the current mandatory-bindover procedure violates fundamental fairness. I disagree.
{¶ 39} Article IV, Section 4(C) of the Ohio Constitution provides that there shall be “divisions of the courts of common pleas as may be provided by law.” Pursuant to this authority, the General Assembly created Ohio’s juvenile courts in R.C. Chapter 2151, and consequently, juvenile courts are creatures of statute. State v. Wilson, 73 Ohio St.3d 40, 43, 652 N.E.2d 196 (1995). As a statutorily created court, the juvenile court has limited jurisdiction, and it can exercise only the authority conferred upon it by the General Assembly. See State ex rel. Ramey v. Davis, 119 Ohio St. 596, 165 N.E. 298 (1929), paragraph four of the syllabus.
{¶ 40} The majority takes this unique, statutorily created court system and bootstraps onto it “fundamental fairness” requirements that are not required by *477 statute or by the explicit text or history of the Ohio Constitution. This is unsound. The majority reaches its conclusion by relying on past juvenile cases regarding the right to counsel; automatic, lifetime sex-offender registration and notification requirements; and the sentencing of juvenile offenders to life without the possibility of parole for nonhomicide offenses. See In re C.S., 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177; In re C.P., 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729; Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). However, these decisions are distinguishable because they relied on specific constitutional guarantees like the right to counsel contained in the Sixth Amendment applied to juvenile proceedings through the Due Process Clause and the prohibition against cruel and unusual punishments contained in the Eighth Amendment rather than the broad and “ ‘ “opaque” ’ ” principle of “fundamental fairness,” majority opinion at ¶ 18, quoting C.S. at ¶ 80, quoting Lassiter v. Durham Cty. Dept. of Social Servs., 452 U.S. 18, 24, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).
{¶ 41} In D.H., we acknowledged that in order to comply with the fundamental-fairness due-process standard, juvenile proceedings must provide such “basic constitutional protections” as notice of the charges and the rights to counsel, confrontation, and cross-examination. 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.3d 209, at ¶ 48, citing In re Gault, 387 U.S. at 31-57, 87 S.Ct. 1428, 18 L.Ed.2d 527. R.C. 2152.12 requires a juvenile court to afford a juvenile with a probable-cause hearing prior to imposing mandatory bindover. This notice and opportunity to be heard complies with the fundamental-fairness due-process standard of Article I, Section 16 of the Ohio Constitution. The question whether a juvenile offender of the kind described in R.C. 2152.12(A)(1)(b) is amenable to care or rehabilitation within the juvenile system does not implicate fundamental fairness. It is a policy decision that is firmly in the hands of the General Assembly.
{¶ 42} “It is undisputed that the General Assembly is ‘ “the ultimate arbiter of public policy” ’ and the only branch of government charged with fulfilling that role.” C.P. at ¶ 97, quoting Arbino v. Johnson & Johnson, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 21, quoting State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Information Network v. Dupuis, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 21. By declaring that juvenile courts are constitutionally required to provide an amenability hearing to those juveniles that the General Assembly has mandated are to be bound over after a probable-cause determination, the majority has unmoored due process from the precedents that have ensured that the judicial branch does not abuse the guarantee by imposing its policy views on the General Assembly under the rubric of alleged “fundamental fairness.” The United States Supreme Court has long recognized the importance of limiting the application of the federal Due Process Clause. “[T]he *478 expansion of * * * constitutional guarantees under the open-ended rubric of the Due Process Clause invites undue interference with both considered legislative judgments and the careful balance that the Constitution strikes between liberty and order.” (Emphasis added.) Medina v. California, 505 U.S. 437, 443, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). “[W]e ‘have defined the category of infractions that violate “fundamental fairness” very narrowly’ based on the recognition that, ‘[bjeyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation.’ ” Id., quoting Dowling v. United States, 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). Several months ago, a plurality of this court recognized that this was the state of the law in our decision in State v. Anderson, 148 Ohio St.3d 74, 2016-Ohio-5791, 68 N.E.3d 790, ¶ 24 (declining to provide greater protection under the Ohio Constitution against multiple retrials than under the federal Constitution based on “fundamental fairness”).
{¶ 43} The majority, however, now uses Article I, Section 16 of the Ohio Constitution as a tool to rewrite the balance the General Assembly struck between ensuring that dangerous juvenile offenders receive punishment commensurate with their crimes and allowing other juvenile offenders the opportunity for rehabilitation and reintegration. By elevating a juvenile’s statutory right to an amenability hearing under R.C. 2152.10 and 2152.12 to a constitutional right mandated by Article I, Section 16, the majority will allow this court to invalidate any statutory or procedural rule that four members of this court believe is unfair. Therefore, while I concur in the majority’s holding that the discretionary-bindover procedure is constitutional, I must dissent from the majority’s holding that the mandatory-bindover procedure violates Article I, Section 16 of the Ohio Constitution.