[Cite as *Derrico v. State*, 2019-Ohio-1767.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WALTER DERRICO,                                :

     Plaintiff-Appellant,                    :

                                    No. 107192

     v.                                      :

STATE OF OHIO,                                 :

     Defendant-Appellee.                     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 9, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-891381

---

### *Appearances:*

Ford, Gold, Kovoor & Simon Law Group, Sarah Thomas Kovoor, *for appellant.*

Dave Yost, Ohio Attorney General, and Thomas E. Madden, Assistant Attorney General; Michael C. O'Malley, Prosecuting Attorney, and Brian R. Gutkoski, Assistant Prosecuting Attorney, *for appellee.*

LARRY A. JONES, SR., J.:

{¶ 1} Plaintiff-appellant, Walter Derrico ("Derrico"), appeals from the trial court's decision to grant defendant-appellee, the state of Ohio's, motion for

judgment on the pleadings on Derrico's complaint for wrongful imprisonment. For the reasons set forth below, we affirm.

{¶ 2} In 2012, Derrico pleaded guilty to drug trafficking and drug possession and was sentenced to four years in prison. In December 2016, the state moved to vacate his conviction and sentence; at this time, Derrico had already been released from prison and was on parole. According to the state's motion,

> The Cuyahoga County Prosecutor has conducted an internal review of this case, which was originally presented to the Cuyahoga County Prosecutor's Office by [three East Cleveland police officers, who] were convicted in the United States District Court for the Northern District of Ohio on charges relating to police misconduct, including conspiracy and making false statements. Due to the now known conduct of these former officers in past cases, the County Prosecutor no longer has confidence in the Defendant's conviction. Based on the internal review, the County Prosecutor has concluded that the integrity of the conviction is now in question.
>
> In order to further justice, the Cuyahoga County Prosecutor, through his undersigned assistant, respectfully moves this Honorable Court to vacate the Defendant's conviction and sentence, allow Defendant to move to vacate his guilty plea, and allow the State to dismiss this case. The State will not re-try the Defendant.

{¶ 3} On February 1, 2017, the court held a hearing and granted the state's motion, dismissing the case with prejudice. The court terminated Derrico's postrelease control and stated that Derrico "has reserved all rights to further redress in this court."

{¶ 4} Derrico subsequently filed the instant action, seeking a declaration that he was a wrongfully imprisoned individual as defined by Ohio's wrongful imprisonment statute — R.C. 2743.48(A). Derrico alleged that his conviction was

vacated and dismissed with prejudice because it was determined that he "did not commit the subject offenses and was convicted due to gross misconduct of East Cleveland, Ohio police officers, who planted incrimination [sic] evidence against Derrico."

{¶ 5} The state responded by filing an answer and a motion for judgment on the pleadings under Civ.R. 12(C). In its motion for judgment on the pleadings, the state argued that Derrico is barred from wrongful imprisonment compensation because he pleaded guilty to the offenses in the underlying case. Derrico opposed the State's motion, arguing, for the first time, that R.C. 2743.48(A)(2) is unconstitutional on its face. The State moved to file a reply brief, which the court granted. Derrico then moved to file an amended complaint to add his constitutional argument. The state filed a brief in opposition. The court denied Derrico's motion.

{¶ 6} The trial court granted the state's motion for judgment on the pleadings, finding that R.C. 2743.48 does not have an exception for a guilty plea that is later vacated. The court additionally found that Derrico's constitutional argument was not properly before the court because it was not pled in his complaint; rather, it was raised for the first time in his opposition to the State's motion for judgment on the pleadings. The court further found that Derrico failed to make a prima facie case showing support for his constitutional challenges and that the attempt to raise them post hoc was only in response to the state's motion identifying a bar to his claims.

{¶ 7} Derrico now appeals, raising the following two assignments of error for review.

I. The Trial Court Erred in Dismissing Derrico's Complaint With Prejudice Without Affording Derrico an Opportunity to Amend His Complaint, and Erred in Overruling Derrico's Motion for Leave to Amend his Complaint. (Trial Court decision dated April 30, 2018[.])

II. The Trial Court Erred in not Finding that Derrico Made a Prima Facie Showing that [R.C.] 2743.48(A)(2) is not Constitutional. (Trial Court decision dated April 30, 2018[.])

{¶ 8} This court recently decided an analogous case. *Moore v. State*, 8th Dist. Cuyahoga No. 107114, 2019-Ohio-700. In *Moore*, the State moved to dismiss Moore's convictions and sentence based on misconduct by the same three East Cleveland detectives. The trial court granted the state's motion. Moore filed a similar civil complaint pursuant to R.C. 2743.48. In *Moore*, as in this case, the state moved for judgment on the pleadings arguing that Moore was prohibited from compensation due to wrongful imprisonment because he pled guilty to the offenses in the underlying case. *Id.* at ¶ 6. The court agreed with the state, finding that R.C. 2743.48 barred his claim and that Moore's constitutional argument was untimely pled. *Id.*

{¶ 9} The *Moore* case differs slightly from the case at bar in its procedural stance. In both cases, the claimants failed to raise the constitutionality of R.C. 2743.48 in his complaint; both claimants did not raise the issue until after the state moved for judgment on the pleadings. In *Moore*, however, Moore never moved to amend his complaint; instead, Moore moved for relief from judgment under Civ.R. 60(B) after the trial court dismissed his complaint. The trial court denied his motion, finding that Moore had had an opportunity to respond to the state's motion

and filed a brief in opposition raising issues that were not addressed in his complaint but never moved for leave to amend his complaint. *Id.* Here, as mentioned, Derrico filed for leave to amend his complaint. In both cases, the trial court determined that the claimant's constitutional argument was not properly before the court because it was not pled in the complaint and raised for the first time in opposition to the State's motion for judgment on the pleadings.

{¶ 10} We now turn to the assignments of error, which we have combined for review.

{¶ 11} In the first assignment of error, Derrico argues that the trial court erred in denying his motion to amend his complaint.

{¶ 12} As this court stated in *Moore*:

Civ.R. 15(A) provides that a

party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier.

The decision of whether to grant a motion for leave to amend a pleading is within the discretion of the trial court. *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 1999-Ohio-207, 706 N.E.2d 1261, citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 573 N.E.2d 622 (1991). We will not overturn a trial court's ruling on a motion for leave to amend a pleading without first determining that the court abused its discretion. *Id.*

*Id.* at ¶ 9-10.

{¶ 13} As mentioned, *Moore* differs procedurally because Moore never moved to amend his complaint. In this case, Derrico filed his complaint on January

10, 2018. The state filed its answer and moved for judgment on the pleadings on February 27, 2018. Derrico moved for an extension of time to respond to the state's motion and the court granted him an extension until March 19 to answer. On March 19, Derrico filed his memorandum in response to the state's motion and raised his constitutional argument for the first time. Derrico then waited until April 2, 2018, to move for leave to amend his complaint. Because Derrico did not file his motion until April 2, he was outside the 28 days afforded by Civ.R. 15(A) by which he could have amended his answer without leave.

{¶ 14} When a plaintiff seeks leave to amend a complaint, "there must be at least a prima facie showing that the movant can marshal support for the new matters sought to be pleaded[.]" *Solowitch v. Bennett,* 8 Ohio App.3d 115, 117, 456 N.E.2d 562 (8th Dist.1982). Where a movant fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion in denying a motion to amend the pleadings. *Id.* at 123.

{¶ 15} While a trial court should always construe the motion in favor of the movant in order for the plaintiff to save his or her cause of action, and the granting of leave should not be withheld absent good reason, "this court's role is to determine whether the trial judge's decision was an abuse of discretion, not whether it was the same decision we might have made." *Wilmington Steel Prod., Inc.,* 60 Ohio St.3d at 122, 573 N.E.2d 622, citing *State, ex rel. Wargo v. Price,* 56 Ohio St.2d 65, 381 N.E.2d 943 (1978).

{¶ 16} The trial court determined that Derrico did not make a prima facie showing. As the trial court noted, Derrico moved to amend his complaint solely in response to the state's motion identifying a bar to his claims. Derrico claims the court erred in not allowing him to amend his complaint because he made a prima facie argument showing that R.C. 2743.48(A)(2) is unconstitutional. Derrico argues that the distinction between persons who go to trial and are convicted and those who accept plea bargains, for the purposes of defining a "wrongfully imprisoned individual," is facially arbitrary and in violation of his constitutional rights to equal protection and due process.

{¶ 17} There are two primary ways to challenge the constitutionality of a statute: by facial challenge or through an "as-applied" challenge. *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37. In a facial challenge to the constitutionality of a statute, the claimant must show that there are no set of facts under which the challenged statute is constitutional. An as-applied challenge alleges that a particular application of a statute is unconstitutional. "Facial challenges present a higher hurdle than as-applied challenges because, in general, for a statute to be facially unconstitutional, it must be unconstitutional in all applications." *State v. Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156, ¶ 7, citing *Oliver v. Cleveland Indians Baseball Co. Ltd. Partnership,* 123 Ohio St.3d 278, 2009-Ohio-5030, 915 N.E.2d 1205, ¶ 13.

{¶ 18} Where there is no suspect class or fundamental right at issue, as is the case here, a rational-basis test applies. *Conley v. Shearer*, 64 Ohio St.3d 284, 289,

595 N.E.2d 862 (1992). The analysis begins with the presumption that statutes are constitutional. *State v. Peoples*, 102 Ohio St.3d 460, 2004-Ohio-3923, 812 N.E.2d 963, ¶ 5. This presumption requires substantial deference to legislative judgments. *Conley* at *id.* It also means that courts refrain from judging the "wisdom, fairness, or logic" of legislative choices. *Heller v. Doe*, 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993), citing *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993). Rather, courts must uphold a challenged statute "if at all possible." *Conley* at *id.*

{¶ 19} Viewing a statute through this deferential lens, a court must first determine whether the statute is supported by some valid, or legitimate, governmental interest. *Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray*, 127 Ohio St.3d 104, 2010-Ohio-4908, 936, N.E.2d 944, ¶ 19. Once the court has identified a valid governmental interest, it must then determine if the means by which the state has chosen to advance the valid governmental interest are rational. *Id.* Classifications will be invalidated only if they "bear no relation to the state's goal." *State v. Thompkins*, 75 Ohio St.3d 558, 561, 664 N.E.2d 926 (1996). The individual challenging the law bears the burden of proving that it is not rationally related to a valid state interest. *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 9. The state carries no burden to show that some rational basis justifies the legislation. *State v. Williams,* 88 Ohio St.3d 513, 531, 728 N.E.2d 342 (2000).

{¶ 20} Under Ohio law, R.C. 2743.48(A)(2) prohibits those who plead guilty to a crime from receiving compensation if that conviction is later vacated. The valid state interests behind R.C. 2743.48(A)(2) are twofold: first, to protect public funds from going to individuals who accepted responsibility for crimes by pleading guilty, and second, to hold those who plead guilty to a higher standard than those who exercised their right to a trial and contested the state's evidence, but were nonetheless convicted. There is no constitutional requirement to provide any compensation to one who is released from prison; holding those who plead guilty to a crime to a higher bar may, in some cases, be unfair, but that does not equate to the requirement being unrelated to a valid state interest. Thus, Derrico has failed to make a prima facie showing in support of his constitutional argument.

{¶ 21} As the Ohio Supreme Court noted in *Dunbar v. State,* 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 20,

> The General Assembly created the claim for wrongful imprisonment and placed limitations upon the categories of persons who are eligible for compensation. One limitation is that the claimant cannot have pled guilty to the offense. Unfortunately * * * the General Assembly did not provide an exception for guilty pleas that are later vacated.

{¶ 22} Derrico did not properly challenge the constitutionality of R.C. 2743.48(A)(2) in the trial court and the issue cannot be raised for the first time on appeal. As this court stated in *Moore*:

> "Issues that could have been raised and resolved in the trial court cannot be raised for the first time on appeal. * * * Therefore, issues not raised in the trial court are forfeited on appeal." *Miller v. Romanauski,* 8th Dist. Cuyahoga No. 100120, 2014-Ohio-1517, ¶ 35, citing *Thompson v. Preferred Risk Mut. Ins. Co.,* 32 Ohio St.3d 340,

513 N.E.2d 733 (1987); *Hous. Advocates, Inc. v. Am. Fire & Cas. Co.*, 8th Dist. Cuyahoga Nos. 86444 and 87305, 2006-Ohio-4880; *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306. Having failed to properly assert these arguments below, Moore cannot now assert these arguments on appeal.

*Id.* at ¶ 25.

{¶ 23} In light of the above, the assignments of error are overruled.

{¶ 24} Finally, the State moved for sanctions against counsel for Derrico. This motion is denied. *See Moore* at *id.*, fn.1.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR