[Cite as *State v. Parker*, 2022-Ohio-1164.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

STATE OF OHIO,                    :

    Plaintiff-Appellee,       :

                        No. 109494

v.                                :

JOEL PARKER, JR.,                 :

    Defendant-Appellant.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 7, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644655-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Assistant Prosecuting Attorney, *for appellee*.

Rick L. Ferrara, *for appellant*.

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Joel Parker, Jr. ("Parker") appeals his sentence and the constitutionality of the Reagan Tokes Act ("Reagan Tokes"). Parker asks this court to remand to the trial court for resentencing and hold Reagan Tokes

unconstitutional. We affirm Parker's sentence, and further hold Reagan Tokes is constitutional.

{¶ 2} Parker pleaded guilty to an amended indictment, including one count of aggravated robbery, a first-degree felony, in violation of R.C. 2911.01(A)(1), with a three-year firearm specification (Count 2); one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1), with a three-year firearm specification (Count 5); and one count of having weapons while under disability, a third-degree felony, in violation of R.C. 2923.13(A)(2) (Count 6). Parker was sentenced to 14 years in prison on Count 2: three years on the firearm specification, consecutive to 11 years for aggravated robbery. (Tr. 37.) Parker was sentenced to six years in prison on Count 5: three years on the firearm specification, consecutive to three years for felonious assault. (Tr. 37.) Parker was to three years in prison on Count 6 for having weapons while under disability.

{¶ 3} The trial court ordered Counts 2 and 5 to run consecutively to one another, but concurrently to Count 6. Regarding Parker's total aggregate sentence, the trial court stated, [1]

> Counts 2 and 5 will run consecutive [to one another] and concurrent to Count 6 for a total prison sentence — for a total indefinite prison sentence — minimum prison sentence of 20 years.

---

[1] Neither party has raised any issues as to the imposed sentence and, therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.

Your minimum sentence will be 20 years, and your maximum sentence will be 25 and a half years. Again, as I said, you have an indefinite sentence with a minimum and a maximum term.

(Tr. 37-38.)

{¶ 4} The trial court also advised Parker that he would be subject to a mandatory five-years of postrelease control for the aggravated robbery count.

{¶ 5} The trial court's January 16, 2020 sentencing journal entry provides, in relevant part,

The court imposes an indefinite prison sentence. Counts 2 and 5 are qualifying offenses under Reagan Tokes. * * * Count 2 — 3 year prison term for the firearm specification shall run prior to and consecutive to the 11 year prison term for the underlying [aggravated robbery] offense, for an indefinite prison term of 14 years on Count 2. Count 5 — 3 year prison term for the firearm specification shall run prior to and consecutive to the 3 year prison term for the underlying [felonious assault] offense, for an indefinite prison term of 6 years on Count 5. Count 6— 3 year prison term. The court imposes an aggregate indefinite prison sentence of 20 years, with a minimum sentence of 20 years and a maximum sentence of 25 1/2 years at the Lorain Correctional Institution.

## I. Facts and Procedural History

{¶ 6} During Parker's plea hearing, the trial court stated that because Parker pleaded guilty to more than one felony, he would be subject to an indefinite sentence under Reagan Tokes. (Tr. 10.) The trial court explained to Parker the implications of Reagan Tokes on his sentence, stating, "So it's an indefinite sentence, meaning you'll get a minimum sentence and then you get a maximum sentence, so

that's what I'm going to explain. You will receive a minimum term for each of those offenses, as well as the maximum term." (Tr. 11.)

{¶ 7} At the sentencing hearing, Parker's trial counsel objected to the indefinite sentence, stating,

> Judge, I would just also like to make a record that with regard to the Reagan Tokes portion of the sentence that we do object to such judgement under constitutional grounds. It's our intention that it does violate the constitution's due process so we would ask that made part of the record and that private counsel be appointed.

(Tr. 42-43.)

{¶ 8} The trial court did not rule on trial counsel's objection. However, it is from this objection that Parker filed this appeal, assigning one error for our review:

> I. The sentencing under Ohio law violated the separation of powers doctrine of the constitutions of the state of Ohio and United States, Due Process of Law, are void for vagueness, and conflict internally with other Ohio Law.

## II. The Constitutionality of the Reagan Tokes Act

### A. Standard of Review

{¶ 9} We review the challenge to the constitutionality of a statute de novo. *State v. Hacker*, 2020-Ohio-5048, 161 N.E.3d 112, ¶ 12 (3d Dist.). "De novo review is independent, without deference to the lower court's decision." (Internal citations omitted.) *In re K.S.G.*, 3d Dist. Hancock No. 5-20-03, 2020-Ohio-4515, ¶ 37.

{¶ 10} "There are two primary ways to challenge the constitutionality of a statute: by facial challenge or through an 'as-applied' challenge." *Derrico v. State*,

8th Dist. Cuyahoga No. 107192, 2019-Ohio-1767, ¶ 17, citing *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37. When challenging the statute facially, the appellant must demonstrate that there does not exist a set of facts whereas the statute can be deemed constitutional. *Id.* However an "as-applied" challenge argues that when applied to a certain set of facts, the statute is unconstitutional. *Id.* "Facial challenges present a higher hurdle than as-applied challenges because, in general, for a statute to be facially unconstitutional, it must be unconstitutional in all applications." *State v. Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156, ¶ 7, citing *Oliver v. Cleveland Indians Baseball Co. Ltd. Partnership*, 123 Ohio St.3d 278, 2009-Ohio-5030, 915 N.E.2d 1205, ¶ 13.

{¶ 11} Enactments of the General Assembly enjoy a strong presumption of constitutionality. *See, e.g., State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 52 ("[I]n determining whether a statute is constitutional, this court presumes constitutionality."). "This presumption requires substantial deference to legislative judgments." *Derrico* at ¶ 18, citing *Conley v. Shearer*, 64 Ohio St.3d 284, 289, 595 N.E.2d 862 (1992). "It also means that courts refrain from judging the 'wisdom, fairness, or logic' of legislative choices." *Derrico* at *id.*, citing *Heller v. Doe*, 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). "Rather, courts must uphold a challenged statute 'if at all possible.'" *Derrico* at *id.*, citing *Conley* at *id.*

{¶ 12} "It is difficult to prove that a statute is unconstitutional. All statutes have a strong presumption of constitutionality. *See Sorrell v. Thevenir*, 69 Ohio

St.3d [415] at 418-419, 633 N.E.2d 504 (1994)." *Groch v. GMC*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 25. "Before a court may declare unconstitutional an enactment of the legislative branch, 'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" *Id.* quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.

## B. Law and Analysis

{¶ 13} Parker challenges the constitutionality of Reagan Tokes, arguing that the statute is facially unconstitutional, violating the separation-of-powers doctrine of the Constitution and due process of law. Parker also contends that the statute is void for vagueness and conflicts with other Ohio law.

### 1. Unconstitutionality

{¶ 14} We need not dwell on the first and second arguments within the assigned error presented. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the challenges Parker advanced against the constitutional validity of the Reagan Tokes Law have been overruled. *See id.* at ¶ 17-54. Parker does not advance any novel argument left unaddressed by the *Delvallie* decision. As a result, Parker's arguments claiming that his sentence imposed under the Reagan Tokes Law is void based on the same arguments presented in *Delvallie*, are overruled.

### 2. Constitutional Vagueness Doctrine

{¶ 15} Third, Parker argues that Reagan Tokes is unconstitutionally vague. "Under the basic principles of due process, a statute is void for vagueness if its prohibitions are not clearly defined." *State v. Stallings*, 150 Ohio App.3d 5, 2002-Ohio-5942, 778 N.E.2d 1110, ¶ 10 (9th Dist.), citing *Grayned v. Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). Parker contends that Reagan Tokes fails to define an offense or the punishment for that offense. However, Parker's assertions are misplaced. The trial court defined the punishment as the maximum sentence given for the infractions. ODRC does not have the authority to sentence Parker beyond the limits that the trial court set at the sentencing hearing.

{¶ 16} Moreover, Parker failed to raise the constitutional vagueness issue of Reagan Tokes at the trial-court level. Therefore, he cannot first raise the issue on appeal. *See State v. Davis*, 10th Dist. Franklin No. 87AP-1111, 1988 Ohio App. LEXIS 2113 (June 2, 1988) (When an appellant fails to raise a constitutional vagueness issue at the trial-court level, the matter fails on appeal since it has been waived by the appellant.); *Hudson Village v. Wristen*, 9th Dist. Summit No. 18017, 1997 Ohio App. LEXIS 2392 (June 4, 1997) ("Such vagueness, if indeed it exists, was apparent at the time of the trial. Accordingly, Wristen has waived the issue of constitutional vagueness and we decline to hear it for the first time on appeal.").

{¶ 17} Therefore, Parker's sole assignment of error is overruled because the Reagan Tokes Act is constitutional.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.