[Cite as *State v. Johnson*, 2022-Ohio-2136.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                                       No. 110904

    v.                                :

PATRICK JOHNSON,                        :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 23, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652112-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Anna Faraglia and Daniel Van, Assistant Prosecuting Attorneys, *for appellee*.

Rick L. Ferrara, *for appellant*.

EMANUELLA D. GROVES, J.:

**{¶ 1}** Defendant-appellant Patrick Johnson ("Johnson") appeals his indefinite sentence, which was imposed under R.C. 2967.271 after pleading guilty to aggravated vehicular homicide and other counts, as being unconstitutional. For the reasons set forth below, we affirm.

## Facts and Procedural History

{¶ 2} In August 2020, a grand jury returned an indictment against Johnson for seven counts, including four counts of aggravated vehicular homicide, two as first-degree felonies for the death of K.J. and the termination of the pregnancy of K.N.B., two as second-degree felonies for the death of K.J. and the termination of the pregnancy of K.N.B., two counts of aggravated vehicular assault, one as a felony of the second degree and one as a felony of the third degree for injuries to K.N.B.; and one count of driving under the influence, a misdemeanor of the first degree. Several of the counts included a furthermore specification alleging Johnson's license was suspended at the time of the incident.

{¶ 3} After several pretrials, Johnson elected to accept a plea agreement on August 9, 2021. Johnson pled guilty to Count 1, aggravated vehicular homicide, for the death of K.J., a felony of the first degree; Count 5, aggravated vehicular assault, a felony of the second degree for the injuries to K.N.B.; and to Count 7, driving under the influence, a misdemeanor of the first degree. The state dismissed the remaining charges.

{¶ 4} On September 29, 2021, after obtaining a presentence-investigation report, a mitigation of penalty report, and a sentencing memorandum from the defense, the trial court proceeded to sentencing. Johnson was sentenced to ten to 15 years on Count 1, five to seven and a half years on Count 5, and six months on Count 7. The court elected to run Counts 1 and 5 consecutively, for a minimum term of 15 years and a maximum term of 20 years under the Reagan Tokes Law.

**{¶ 5}** Johnson appeals, assigning the following error for our review:

### Assignment of Error

The sentencing under Ohio law violated the Separation of Powers Doctrine of the Constitutions of the state of Ohio and United States, Due Process of Law, are void for vagueness, and conflict internally with other Ohio law.

## Law and Analysis

**{¶ 6}** In his sole assignment of error, Johnson challenges the constitutionality of his indefinite sentence under R.C. 2967.271, the Reagan Tokes Law, arguing that it violates the separation-of-powers doctrines of the Ohio and United States Constitutions and due process of law. He also argues that R.C. 2967.271 is void for vagueness.

**{¶ 7}** In the instant case, Johnson did not object to his sentence or raise a constitutional challenge to the Reagan Tokes Law during sentencing. "'[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court.'" *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 13, citing *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986).

**{¶ 8}** Even where the appellant failed to object to the constitutionality of a statute before the trial court, the appellate court may still review the trial court's decision for plain error. *Id.* at ¶ 14, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. Johnson invites us to review the issue for

plain error, however, he does not support this request with an argument. Plain error requires a "'showing that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice.'" *Id.*, quoting *Buttery* at *id.* This court is not obliged to construct or develop an appellant's assignments of error and will not guess at those claims on appeal. *State v. Debose*, 8th Dist. Cuyahoga No. 109531, 2022-Ohio-837, ¶ 16, citing *State v. Jacinto*, 2020-Ohio-3722, 155 N.E.3d 1056, ¶ 56 (8th Dist.), quoting *State v. Piatt*, 2020-Ohio-1177, 153 N.E.3d 573, ¶ 39 (9th Dist.), quoting *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 31. Because Johnson forfeited all but plain error by failing to object or raise these issues before the trial court and has not constructed an argument demonstrating how plain error occurred, we will not address Johnson's constitutional arguments raised for the first time on appeal.

{¶ 9} Moreover, this court has already addressed the constitutionality of the Reagan Tokes Law with respect to two of Johnson's constitutional claims. This court, sitting en banc, held that the Reagan Tokes Law is constitutional and that it does not violate the separation-of-powers doctrine, nor does it violate either a defendant's right to a jury trial or due process of law. *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.).

{¶ 10} Further, a panel of this court addressed Johnson's vagueness argument in *State v. Parker*, 8th Dist. Cuyahoga No. 109494, 2022-Ohio-1164, ¶ 15.

Parker did not raise the constitutional vagueness argument in the trial court either. In that case, this court found that failure to raise the issue of vagueness before the trial court waived the issue on appeal. *Id.* at ¶ 16. *See also Awan,* 22 Ohio St.3d at 120, 489 N.E.2d 277, at syllabus (failure to raise at the trial-court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal).

{¶ 11} Accordingly, we overrule the assignment of error.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

ANITA LASTER MAYS, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR

N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Laster Mays, J., concurring in part and dissenting in part).