[Cite as *State v. Hutchins*, 2025-Ohio-1831.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 114261 |
| v. | : | |
| NICHOLAS HUTCHINS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 22, 2025

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-24-688046-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Liam E. Blake, Assistant Prosecuting Attorney, *for appellee.*

Wegman Hessler Valore, Matthew O. Williams, and Dean M. Valore, *for appellant.*

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant Nicholas Hutchins ("Hutchins") appeals the constitutionality of the mandatory-bindover statutes and his sentence pursuant to the Reagan Tokes Law. We affirm.

## I.    Facts and Procedural History

{¶2} A complaint was filed against Hutchins in the Cuyahoga County Court of Common Pleas, Juvenile Division, alleging offenses that if committed by an adult would constitute one count of aggravated robbery, three counts of robbery, one count of assault, and one count of theft.  The aggravated robbery and robbery counts each carried one- and three-year firearm specifications. R.C. 2152.02(BB)(1) categorizes aggravated robbery as a category-two offense.  Because Hutchins was 16 years old and employed a firearm during the commission of a category-two offense, transfer to the Cuyahoga County Court of Common Pleas, General Division, is mandatory under R.C. 2152.10(A)(2)(b).

{¶3} After being bound over, Hutchins pleaded guilty to an amended count of aggravated robbery, a first-degree felony, in violation of R.C. 2911.031(A)(1) with a one-year firearm specification.  The other five charges were nolled.  Hutchins was sentenced to four to six years' imprisonment on the amended aggravated-robbery count, in accordance with the Reagan Tokes Law.  He was also sentenced to one year in prison to be served prior to and consecutive to the amended aggravated robbery count for the firearm specification for a total of five to seven years' imprisonment.

{¶4} Hutchins filed this appeal assigning three errors for our review:

1.    The trial court erred in binding appellant over from the Juvenile Division to the General Division pursuant to R.C. 2152.10 because it violates his due process rights;

2. The trial court erred in binding appellant over because R.C. 2152.10 violates his right to equal protection; and

3. The trial court committed reversible error prejudicing appellant when it imposed an unconstitutional sentence upon appellant pursuant to the Reagan Tokes Law, which is unconstitutional on its face.

## II. Unconstitutionality of Statutes

### A. Standard of Review

{¶5} "We review the challenge to the constitutionality of a statute de novo." *State v. Parker*, 2022-Ohio-1164, ¶ 9 (8th Dist.), citing *State v. Hacker*, 2020-Ohio-5048, ¶ 12 (3d Dist.). "'De novo review is independent, without deference to the lower court's decision.'" (Internal citations omitted.) *Id.*, quoting *In re K.S.G.*, 2020-Ohio-4515, ¶ 37 (3d Dist.).

{¶6} "'There are two primary ways to challenge the constitutionality of a statute: by facial challenge or through an as-applied challenge.'" *Id.* at ¶ 10, quoting *Derrico v. State*, 2019-Ohio-1767, ¶ 17 (8th Dist.), citing *Harrold v. Collier*, 2005-Ohio-5334, ¶ 37. "When challenging the statute facially, the appellant must demonstrate that there does not exist a set of facts whereas the statute can be deemed constitutional." *Id.*, citing *id.* "However, an 'as-applied' challenge argues that when applied to a certain set of facts, the statute is unconstitutional." *Id.*, citing *id.* "'Facial challenges present a higher hurdle than as-applied challenges because, in general, for a statute to be facially unconstitutional, it must be unconstitutional in all applications.'" *Id.*, quoting

*State v. Romage*, 2014-Ohio-783, ¶ 7, citing *Oliver v. Cleveland Indians Baseball Co. Ltd. Partnership*, 2009-Ohio-5030, ¶ 13.

**{¶7}** "Enactments of the General Assembly enjoy a strong presumption of constitutionality." *Parker* at ¶ 11. *See, e.g., State v. Hollis*, 2020-Ohio-5258, ¶ 52 (8th Dist.) ("[I]n determining whether a statute is constitutional, this court presumes constitutionality."). "'This presumption requires substantial deference to legislative judgments.'" *Id.*, quoting *Derrico* at ¶ 18, citing *Conley v. Shearer*, 64 Ohio St.3d 284, 289 (1992). "'It also means that courts refrain from judging the wisdom, fairness, or logic of legislative choices.'" *Id.*, quoting *Derrico* at *id.*, citing *Heller v. Doe*, 509 U.S. 312, 319 (1993). "'Rather, courts must uphold a challenged statute if at all possible.'" *Id.*, quoting *Derrico* at *id.*, citing *Conley* at *id.*

**{¶8}** "'It is difficult to prove that a statute is unconstitutional. All statutes have a strong presumption of constitutionality.'" *Parker* at ¶ 12, quoting *Groch v. GMC*, 2008-Ohio-546, ¶ 25. "'Before a court may declare unconstitutional an enactment of the legislative branch, it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" *Id.*, quoting *id.*, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus.

### B.    Law and Analysis

**{¶9}** In Hutchins's first and second assignments of error, he argues that his bindover pursuant to R.C. 2152.10 violates his due-process and equal-protection

rights. Hutchins did not raise this argument to the trial court. "Generally, '[i]f the defendant failed to raise an error affecting substantial rights at trial, an appellate court reviews the error under the plain error standard in Crim.R. 52(B).'" *State v. Pugh*, 2022-Ohio-3038, ¶ 17 (8th Dist.), quoting *State v. Perry*, 2004-Ohio-297, ¶ 14. "'A plain error is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings.'" *Id.*, quoting *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982).

{¶10} "Crim.R. 52 affords appellate courts 'limited power' to correct plain errors that occurred during the trial court proceeding.'" *Id.* at ¶ 18, citing *Perry* at ¶ 9. "Crim.R. 52(B) provides that '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *Id.*, quoting Crim.R. 52(B). "Under the plain-error standard, 'the defendant bears the burden of showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice.'" *Id.*, quoting *State v. West*, 2022-Ohio-1556, ¶ 22. "'An appellate court has discretion to notice plain error and therefore is not required to correct it.'" *Id.*, citing *State v. Rogers*, 2015-Ohio-2459, ¶ 23.

{¶11} Hutchins contends that his due-process rights were violated when he was transferred to the General Division without an opportunity to be heard and

without consideration of his individual circumstances and characteristics. He asserts that mandatory bindover statutes are based upon a statutory formula enacted by the legislature forbidding the juvenile court from fulfilling its mandate.

**{¶12}** Hutchins's assertions are misplaced. Regardless of whether bindover in this case is mandatory or discretionary, the juvenile court had to first find probable cause to believe that the juvenile committed the acts charged. *See* R.C. 2152.12(A)(1)(b)(2) (mandatory bindover) and 2152.12(B)(1) (discretionary bindover). *See also State v. Taylor*, 2018-Ohio-3998, ¶ 3 (8th Dist.). The legislature did not forbid the juvenile court from fulfilling its mandate because the juvenile court has the discretion to find probable cause that Hutchins committed the charged act. Further, Hutchins pleaded guilty to an amended indictment.

**{¶13}** The Supreme Court of Ohio has previously decided this issue and held that mandatory bindovers do not violate a juvenile's due-process or equal-protection rights. *State v. Aalim*, 2017-Ohio-2956, ¶ 27, 37.

**{¶14}** Therefore, Hutchins's first and second assignments of error are overruled.

**{¶15}** In Hutchins's third assignment of error, he argues that the trial court committed reversible error prejudicing appellant when it imposed an unconstitutional sentence upon him pursuant to the Reagan Tokes Law, which is unconstitutional on its face.

{¶16} In *State v. Delvallie*, 2022-Ohio-470 (8th Dist.), this court, sitting en banc, held that the indefinite sentencing provisions of the Reagan Tokes Law did not violate the separation-of-powers doctrine, a defendant's right to a jury trial, or due process of law. The Ohio Supreme Court rejected similar constitutional challenges to the Reagan Tokes Law's indefinite sentencing scheme in *State v. Hacker*, 2023-Ohio-2535. The Ohio Supreme Court thereafter affirmed this court's judgment in *Delvallie* on the authority of Hacker. The arguments presented in this case do not present novel issues or theories challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the Ohio Supreme Court's decision in *Hacker*.

{¶17} Accordingly, pursuant to *Hacker*, we overrule Hutchins's third assignment of error.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, A.J., and
LISA B. FORBES, J., CONCUR